UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 08-134 (RJL) |
| | : | |
| v. | : | |
| | : | |
| EVER ANTONIO PADILLA, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in aid of sentencing. As discussed below, the government moves this Court to sentence defendant to a term of imprisonment of 180 days, suspend execution of the sentence, and impose a one-year period of supervised probation.

I.  **BACKGROUND**

On April 7, 2008, defendant **PADILLA** was notified by letter that his conduct was under investigation. He retained counsel and agreed to meet with the Government. On April 29, 2008, defendant **PADILLA** met with the Government and admitted his wrongdoing, provided valuable information, and identified Salvador Diaz (08-139) as the man to whom he paid $1,000 to obtain his facially valid D.C. driver's license. On May 23, 2008, defendant **PADILLA** waived indictment and pled guilty to defrauding the District of Columbia, in violation of D.C. Code Sections 22-3221(b) and 22-3222(b)(2).

II.  **SENTENCING RECOMMENDATION**

The maximum penalty for this crime is a term of imprisonment of 180 days and a fine of $1,000. Although the District of Columbia has enacted advisory sentencing guidelines for felony

1

offenses, these guidelines are inapplicable here because defendant **PADILLA** pled guilty to a misdemeanor.  Accordingly, this Court should consider the following four factors in fashioning an appropriate sentence in this case: (1) the protection of society against wrong-doers; (2) the punishment -- or much better -- the disciplining of the wrong-doer; (3) the reformation and rehabilitation of the wrong-doer; and (4) the deterrence of others from the commission of like offenses.  Spanziano v. Florida, 468 U.S. 447, 477-78 (1984) (STEVENS, J., concurring); Williams v. New York, 337 U.S. 241, 251 (1949); Collins v. Francis, 728 F.2d 1322, 1339 (11th Cir.), cert. denied, 469 U.S. 963 (1984).  The sentencing judge may consider a wide variety of information related to a defendant's background, character, and conduct, criminal or otherwise, when imposing a sentence.  The Court may also weigh the details of the crime for which the defendant is being punished, Williams v. Oklahoma, 358 U.S. 576 (1959), and the deterrent effect of the sentence on others.  See, e.g., United States v. Barbara, 683 F.2d 164 (6th Cir. 1982).

   In weighing these factors, the Government submits that imposing a term of incarceration of 180 days, suspending execution of the sentence, and requiring the defendant's successful completion of a one-year term of supervised probation is fair and balanced and will serve as a deterrent, not only to the defendant, but to other members of society.  Defendant **PADILLA** has clearly exhibited an ability and desire to be a contributing member of this community.  During this period of supervised probation, the Government requests the Court to impose conditions that will assist him in meeting his goals.  Such conditions could include employment counseling, literacy courses, and civic awareness training.

III. **CONCLUSION**

For the reasons set forth herein, the government believes a sentence of 180 days incarceration, execution of sentence suspended, and a one-year term of supervised probation is necessary, reasonable, and appropriate in this case.

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR
                                      United States Attorney
                                      for the District of Columbia
                                      D.C. Bar Number 498610

By:   ___/s/_____
       SUSAN B. MENZER, D.C. Bar Number 421700
       ELLEN CHUBIN EPSTEIN, D.C. Bar Number 442861
       Assistant United States Attorneys
       United States Attorneys Office
       Fraud and Public Corruption Section
       555 4th Street, N.W.
       Washington, D.C.  20530